**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
*Northern Division*

| | |
|---|---|
| CAROLYN ADAMS, | * |
| | * |
| Plaintiff, | * |
| | * |
| v. | * Civil Case No.: CCB-11-3755 |
| | * |
| STEVEN S. SHARFSTEIN *et al.*, | * |
| | * |
| Defendants. | * |
| | * |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

**MEMORANDUM AND ORDER**

This Memorandum and Order[1] addresses three pending discovery motions and related briefings: (1) *pro se* Plaintiff Carolyn Adams's May 1, 2012 motion, ECF No. 17, which is construed as a Motion for a Protective Order/Objection to Defendants' Discovery Requests; Defendants Steven S. Sharfstein, Thomas Graham, and Karen Malstorm's Response in Opposition to Plaintiff's Motion, ECF No. 19; and Plaintiff's Reply, ECF No. 21; (2) Defendants' Motion to Compel Plaintiff's Responses to Defendants' First Requests for Production of Documents, ECF No. 30; and Plaintiff's Response, ECF No. 34, which includes a request that the Court take judicial notice of certain documents;[2] and (3) Defendants' Motion to Modify the Scheduling Order, ECF No. 31.[3]  For the reasons explained below, Plaintiff's Motion for a Protective Order/Objection to Defendants' Discovery Requests is DENIED.  Defendants'

---

[1] Judge Blake referred this case to me to handle discovery disputes and related scheduling matters on June 21, 2012, pursuant to 28 U.S.C. § 636 and Local Rules 301–302.  ECF No. 32.
[2] Defendants have not replied and the time for doing so has passed.  *See* D. Md. Loc. R. 105.2.a.
[3] Plaintiff has not responded and the time for doing so has passed.  *See* Loc. R. 105.2.a.

Motion to Compel is GRANTED.  Finally, Defendants' Motion to Modify the Scheduling Order

is GRANTED.  Accordingly, this Order disposes of ECF No. 17, 19, 21, 30, 31, and 34.

## I.    PLAINTIFF'S MOTION FOR A PROTECTIVE ORDER

In her May 1, 2012 motion, Plaintiff raises three separate issues: First, Plaintiff offers a

number of boilerplate, wide-ranging objections to Defendants' discovery requests.  *See* Pl.'s

Mot. for Protective Order 1–2; *see also* Pl.'s Objections & Resps. to Defs.' Doc. Produc. Reqs.

2–8 ("Pl.'s DPR Objections"), Defs.' Opp'n to Mot. for Protective Order Ex. 7, ECF No. 19-7.

Because these objections, and Plaintiff's consequent refusal to respond to Defendants' document

production requests, are addressed by the Court's resolution of Defendants' Motion to Compel, I

discuss them below.

Second, Plaintiff asserts that appearing for her deposition is "overly burdensome"

because she has requested a trial.  *See* Pl.'s Mot. for Protective Order 2.  This motion will be

construed as a motion for a protective order.  The Federal Rules of Civil Procedure permit a

party, "by oral questions" to "depose *any person, including a party*," without leave of court,

unless otherwise provided by the rules. Fed. R. Civ. P. 30(a)(1) (emphasis added).  However,

the Court "may, for good cause, issue a[ protective] order to protect a party or person from

annoyance, embarrassment, oppression, or undue burden or expense, including . . . forbidding the

disclosure or discovery; . . . specifying terms, including time and place, for the disclosure or

discovery; . . .[or] designating the persons who may be present while the discovery is

conducted."[4]  Fed. R. Civ. P. 26(c)(1)(A)–(B), (E); *see also* Fed. R. Civ. P. 26(b)(2) (listing

---

[4] The rule also requires that a motion for a protective order include "a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action." Fed. R. Civ. P. 26(c)(1); *see also* D. Md. Loc. R. 104.7; Loc. R. App. A, Guideline 1.f.  No such certification was included with Plaintiff's Motion for Protective Order.  *See* Loc. R. 101.a ("Individuals representing themselves are responsible for

instances in which the court "must limit the frequency or extent of discovery otherwise allowed").  The party moving for a protective order bears the burden of establishing good cause.  *Minter v. Wells Fargo Bank, N.A.*, 258 F.R.D. 118, 124 (D. Md. 2009); *Ayers v. Continental Cas. Co.*, 240 F.R.D. 216, 221 (N.D.W. Va. 2007). In so doing, the moving party "may not rely upon 'stereotyped and conclusory statements.'"  *Baron Fin. Corp. v. Natanzon*, 240 F.R.D. 200, 202 (D. Md. 2006) (quoting 8A Charles Alan Wright et al., *Fed. Prac. & Proc. Civ.* § 2035 (2d ed. 1994)).  Instead, the movant "must present a 'particular and specific demonstration of fact' as to why a protective order should issue."  *Id.* (quoting Wright et al., *supra*, § 2035).

Plaintiff has failed to identify facts supporting her claim that appearing for her deposition is overly burdensome.[5]  *See id.* ("'Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not support a good cause showing.'" (quoting *Merit Indus., Inc. v. Feuer*, 201 F.R.D. 382, 384–85 (E.D. Pa. 2001)));  *see also* Defs.' Opp'n 4–5.  The fact that Plaintiff has requested a trial does not, as Plaintiff suggests, render her deposition

---

performing all duties imposed upon counsel by these Rules and [the federal rules].").  While it is true that "*pro se* litigants deserve a degree of leniency in navigating a complicated legal system for which they possess no professional expertise," *McCaskey v. Henry*, No. 3:10-cv-390-GCM, 2012 WL 2451862, at *2 (W.D.N.C. June 27, 2012), this leniency does not include disregard of the Federal Rules of Civil Procedure or this Court's Local Rules and Discovery Guidelines.

[5] Plaintiff states that what she perceives as the conduct of lawyers during depositions provides a justification for refusing to attend her deposition.  *See* Pl.'s Reply 2 ("I am aware of what being deposed means, as well as the conduct of lawyers during a deposition; they want to intimidate the plaintiff, by placing them in [a] hostile environment.  Some will make attempts to brow beat the witness into collapsing, as well trying to test the witness on how they will act under fire."). This type of stereotyped and conclusory statement will not support issuance of a protective order. *See Natanzon*, 240 F.R.D. at 202.  Moreover, the Court has no reason to suspect that defense counsel will conduct Plaintiff's deposition in any way other than that proscribed by this Court's Discovery Guidelines.  *See, e.g.*, Loc. R. App. A, Guidelines 1.d., 6 & 8.  Plaintiff also argues that Defendants' law firm would be a "hostile environment for . . . Plaintiff as well as her daughter," and requests that the deposition be conducted by telephone.  *See* Pl.'s Reply 3. Again, Plaintiff has provided no facts supporting this conclusion; moreover, conducting the deposition by telephone would likely prejudice Defendants.  *See, e.g.*, *Webb v. Green Tree Servicing, LLC*, No. ELH-11-2105, 2012 WL 2899382, at *2–3 (D. Md. July 16, 2012).

burdensome.  Indeed, depositions may be a key part of a party's preparation for trial.  *See* Paul W. Grimm, Charles S. Fax & Paul Mark Sandler, *Discovery Problems & Their Solutions* 123 (2d ed. 2009) ("Depositions enable [the parties] to discover facts about the case, meet the adverse witnesses and assess their character and credibility, freeze the witnesses' testimony, establish a foundation for subsequent impeachment, neutralize potentially harmful witnesses, and perpetuate testimony.").  Consequently, as to Plaintiff's request that she not be required to appear for her deposition, Plaintiff's motion is DENIED.

Finally, should she be deposed, Plaintiff refuses to attend without her daughter present. *See* Pl.'s Mot. 2.  According to Plaintiff, her daughter, "who is considered an expert with 16 plus years in the field," has been assisting her with her case "as a paralegal, not practicing as a lawyer."  *See id.  But see* Apr. 22, 2012 E-Mail from Veda Pryor, Pl.'s Daughter, to Bruce Harrison, Def. Counsel, *in* Pl.'s Mot., at 6 ("As it pertains to any aspect of [my mother's] case, you will need to have me on conference calls, before she answers any legal questions pertaining to her case."); Pl.'s Mot. 2 ("Since I have not been appointed an Attorney, I want my daughter to attend and be in on every issue regarding my case, because of her expertise in the field.").  Under this Court's Discovery Guidelines, "individual parties, representatives of non-individual parties, and expert witnesses of parties" may attend depositions without advance notice or court order." Loc. R. App. A, Guideline 6.h.  Attendance by any other person must be agreed to by all parties.[6] *See id.*  Where the parties "are unable to agree . . . , then the person shall not be entitled to attend the deposition unless the party desiring to have the person attend obtains a Court order

---

[6] Even if Defendants were to agree to Plaintiff's daughter participating in the deposition, I note that the Discovery Guidelines provide that, excluding "the deponent, counsel representing a party or [an] unrepresented party," other "persons attending a deposition may not ask or answer questions during, or otherwise participate in the process of, the deposition."  Guideline 6.h.

permitting him/her to do so." *Id.* Furthermore, unless the Court orders otherwise, "a dispute regarding who may attend a deposition should not be grounds for delaying the deposition." *Id.*

Plaintiff has not made a sufficient showing that her daughter should be present at the deposition. *See also* Grimm, Fax & Sandler, *supra*, at 163 (explaining that depositions are "generally 'conducted in private as a matter of modern practice'" and without non-participating persons present (quoting *New York v. Microsoft Corp.*, 206 F.R.D. 19, 22 (D.D.C. 2002)); *Batt v. Kimberly-Clark Corp.*, No. 05-CV-0421-CVE-PJC, 2006 WL 1623657, at *3 (N.D. Okla. June 6, 2006) (locating no authority "to suggest that a non-party who will not be deposed has any right to attend a deposition"). Plaintiff's daughter is not a party to this case—nor does she appear to be a witness; she also is not Plaintiff's counsel. Accordingly, as to her request that she not be required to attend her deposition without her daughter present, Plaintiff's motion is DENIED.

## II.    DEFENDANTS' MOTION TO COMPEL

In their Motion to Compel, Defendants request that the Court direct Plaintiff "to provide complete responses" to their document production requests, asserting that, despite their efforts to resolve this matter without Court intervention, *see* Defs.' Loc. R. 104.7 Certificate 1–2, ECF No. 30-1, Plaintiff has failed to produce any documents responsive to their discovery requests, and now entirely refuses to "participate in discovery without the intervention of the Court, advising defense counsel that she prefers the Court to direct discovery." Defs.' Mot. to Compel 1–2. Defendants also request that the Court "order Plaintiff to reimburse Defendants for their reasonable attorneys' fees and costs associated with seeking Plaintiff's responses to their discovery requests, . . . including preparation" of their motion to compel. *Id.* at 3.

### A.  Plaintiff's Objections to Defendants' Document Production Requests

In her Motion for a Protective Order, Plaintiff generally objects, in boilerplate fashion, to all of Defendants' document production requests as "overbroad, vague, [and] overly burdensome," as requesting "irrelevant, immaterial[,] or inadmissible information or information protected by privilege," and as containing "multipart questions in violation of law, rule[,] or regulation."  Pl.'s Mot. for Protective Order 1–2.  Consequently, she refuses to produce, and has not produced, any documents responsive to Defendants' requests.  *See* Defs.' Mot. 1–2; Defs.' Loc. R. 104.7 Certificate ¶ 2.  As I describe below, Plaintiff's objections to Defendants' document production requests fall into three distinct categories, and are equally non-specific and boilerplate.  *See* Pl.'s DPR Objections 2–7.  I address each category in turn.

> **1.  Plaintiff's Objections to Defendants' Document Production Requests #1, #2, and #3: Asserting the Doctor-Patient Privilege**

Defendants' first three document protection requests seek information "pertaining to Plaintiff's claims for damages, including her medical records if she is claiming emotional distress damages."  Defs.' Loc. R. 104.7 Certificate ¶ 1.  In response to those requests, Plaintiff "asserts and does not waive any doctor-patient privilege" and "explicitly directs" Defendants "not to contact any of [her] medical practitioners for any reason whatsoever connected with this case."  Pl.'s DPR Objections 2–3.  The party served with a document production request may object to the request if there is a legitimate basis for doing so.  *See* Fed. R. Civ. P. 34(b)(2)(C); *see also Lynn v. Monarch Recovery Mgmt., Inc.*, No. WDQ-11-2824, 2012 WL 2445046, at *7 (D. Md. June 27, 2012) (listing legitimate bases for objecting to a document production request).

Here, Plaintiff asserts the doctor-patient privilege as a basis for objecting to Defendants' requests.  While federal law recognizes a psychotherapist-patient privilege, *see Richardson v. Sexual Assault/Spouse Abuse Resource Ctr., Inc.*, 764 F. Supp. 2d 736, 739–41 (D. Md. 2011), it

does not recognize a physician-patient privilege where, as here, "subject matter jurisdiction is based on federal law," *Helsabeck v. Fabyanic*, 173 Fed. App'x 251, 257 (4th Cir. 2006) (citing Fed. R. Evid. 501); *see In re Sealed Grand Jury Subpoenas*, 810 F. Supp. 2d 788, 792 (W.D. Va. 2011); *see also* Compl. ¶ 3, ECF No. 1 (bringing claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, and the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621 *et seq.*).   Thus, Plaintiff's objection is without merit.   Moreover, even assuming, *arguendo*, that federal law recognized a physician-patient privilege, objections to discovery based on claims of privilege must be made with specificity.   *Richardson v. Sexual Assault/Spouse Abuse Research Ctr., Inc.*, 270 F.R.D. 223, 228 (D. Md. 2010) ("[G]eneralized claims of privilege are insufficient.   The required specificity can be accomplished by providing a privilege log."); *cf. Carr v. Double T Diner*, No. WMN-10-CV-00230, 2010 WL 3522428, at *3 n.2 (D. Md. Sept. 8, 2010) (noting that, if a party asserts the psychotherapist-patient privilege, it may "produce a privilege log of requisite specificity in lieu of the documents").

### 2.   Plaintiff's Objections to Document Production Requests #4, #5, #6, #7, #8, #9, #10, #11, #14, and #15: Asserting Without Specificity Confidentiality, Privilege, Vagueness, Burdensomeness, Etc.

In Document Production Requests #4, #5, #6, #7, #8, #9, #10, #11, #14, and #15, Defendants seek to obtain information "regarding Plaintiff's mitigation efforts and subsequent earnings" and "witness statements or other documents regarding her claims of discrimination and retaliation."   Defs.' Loc. R. 104.7 Certificate ¶ 1.   In her discovery responses,[7] Plaintiff states, without specificity, that these document production requests: seek documents that are confidential, Pl.'s DPR Objections 3; attempt to obtain irrelevant, inadmissible, or privileged

---

[7] In some instances, Plaintiff states these objections outright.   In others, she refers back to the "General Objections" made at the beginning of her responses to Defendants' discovery requests.

information, *id.* at 4; are overbroad, "vague, [or] overly burdensome," *id.* at 2–4; and "contain multipart questions in violation of law, rule or regulation,"[8] *id.* at 2.

      In contrast with what is required by the Federal Rules of Civil Procedure, *see* Fed. R. Civ. P. 34(b)(2)(B), this Court's Local Rules, *see* Loc. R. 104.6, and case law, *see Mezu v. Morgan State Univ.*, 269 F.R.D. 565, 573 (D. Md. 2010); *Hall v. Sullivan*, 231 F.R.D. 468, 470 (D. Md. 2005); *Thompson v. U.S. Dep't of Hous. & Urban Dev.*, 199 F.R.D. 168, 173 (D. Md. 2001); *Marens v. Carrabba's Italian Grill, Inc.*, 196 F.R.D. 35, 38–39 (D. Md. 2000), Plaintiff's objections are non-specific, boilerplate, and unsupported by particularized facts.  Although *pro se* litigants like Plaintiff are entitled to some leniency in navigating the legal system's unfamiliar terrain, they are nonetheless "responsible for performing all duties imposed upon counsel" by this Court's Local Rules and "all other applicable federal rules of procedure."  Loc. R. 101.1.a; *see also Dancy v. Univ. of N.C. at Charlotte*, No. 3:08-CV-166-RJC-DCK, 2009 WL 2424039, at *2 (W.D.N.C. Aug. 3, 2009) ("Although *pro se* litigants are given liberal treatment by courts, even *pro se* litigants are expected to comply with . . . procedural rules 'without which effective judicial administration would be impossible.'" (quoting *Ballard v. Carlson*, 882 F.2d 93, 94 (4th Cir. 1989))); *id.* ("The right to self-representation does not 'exempt a party from compliance with relevant rules of procedural . . . law.'" (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983))); *Pack v. S.C. Wildlife & Marine Resources Dep't*, 92 F.R.D. 22, 25 (D.S.C. 1981) ("A *pro se* litigant . . . must meet certain standards.  Among these are a good faith attempt to comply with the rules of discovery." (citations omitted)).

      None of Plaintiff's confidentiality, privilege, relevance, overbreadth, vagueness, and burdensomeness objections are particularized.  *See Fisher v. Fisher*, No. WDQ-11-1038, 2012

---

[8] Based on the record before me, I do not find that the requests are impermissibly compound.

WL 2050785, at *3 n.6 (D. Md. June 5, 2012) ("If a party objects [to a discovery request] on attorney-client privilege or work product grounds, the objection must be particularized." (citing Fed. R. Civ. P. 26(b)(5)(A))); *Marens*, 196 F.R.D. at 39 (suggesting that the party objecting to a production request based on overbreadth should suggest an appropriate limitation to the scope of the discovery request); *Deakins v. Pack*, No. 1:10-1396, 2012 WL 242859, at *12 (S.D.W. Va. Jan. 25, 2012) ("The party objecting to discovery as vague or ambiguous has the burden of showing such vagueness or ambiguity." (citing *McCoo v. Denny's Inc.*, 192 F.R.D. 675, 694 (D. Kan. 2000))); *Thompson v. U.S. Dep't of Hous. & Urban Dev.*, 219 F.R.D. 93, 99 (D. Md. 2003) ("A properly particularized showing of burden . . . identifies evidentiary facts to support the claims of unfair burden or expense." (citation and internal quotation marks omitted)). Accordingly, I find that Plaintiff's objections are insufficient. Additionally, the fact that information may be inadmissible is not a bar to its discovery, so long as it is relevant and "appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1); *see Nat'l Union Fire Ins. Co. of Pittsburgh v. Porter Hayden Co.*, No. CCB-03-3408, 2012 WL 628493, at *3 (D. Md. Feb. 24, 2012) ("[R]elevance, not admissibility . . . is the appropriate inquiry with regard to whether or not the information sought . . . is discoverable.'" (quoting *Herchenroeder v. Johns Hopkins Univ. Applied Physics Lab.*, 171 F.R.D. 179, 181 (D. Md. 1997))). For these reasons, as to Document Production Requests #4, #5, #6, #7, #8, #9, #10, #11, #14, and #15, Defendants' Motion to Compel is GRANTED.

### 3.   Plaintiff's Objections to Document Production Requests #12 and #13: Asserting Privilege and Work Product as to Expert Material

In Document Production Requests #12 and #13, Defendants seek information regarding Plaintiff's expert witnesses. Plaintiff objects on two grounds. First, in boilerplate fashion, she states that the discovery sought is "overbroad, vague, overly burdensome," and requests

"irrelevant, immaterial[,] or inadmissible information." *Id.* As explained above, these non-specific, boilerplate objections are insufficient. Second, Plaintiff objects, again without specificity, that the requests seek "information subject to privilege, including attorney work product." *Id.* Pursuant to Fed. R. Civ. P. 26(b)(5)(A), discovery objections based on attorney-client privilege or work product protection must be particularized. *See also Mezu*, 269 F.R.D. at 577. The required level of "specificity can be accomplished by providing a privilege log that 'identifies each document withheld, information regarding the nature of the privilege/protection claimed, the name of the person making/receiving the communication, the date and place of the communication, and the document's general subject matter.'" *Richardson*, 270 F.R.D. at 228 (quoting *Victor Stanley, Inc. v. Creative Pipe, Inc.*, 250 F.R.D. 251, 264 (D. Md. 2008)); *see* Loc. R. App. A, Guideline 10.d.ii.b. Because Plaintiff has failed to provide the required level of specificity in her privilege and work product-based objections, Defendants' Motion to Compel is GRANTED as to Document Production Requests #12 and #13. Moreover, it is clear that, if Plaintiff intends to introduce expert opinion testimony pursuant to Fed. R. Evid. 702, she must timely disclose the information described in Fed. R. Civ. P. 26(a)(2), and a failure to do so may result in exclusion of any such testimony at trial. *See* Fed. R. Civ. P. 37(c); *Southern States Rack & Fixture, Inc. v. Sherwin Williams Co.*, 318 F.3d 592, 597 (4th Cir. 2003).

In light of the foregoing, Defendants' Motion to Compel is GRANTED as to the complete set of Defendants' document production requests. Plaintiff is DIRECTED to provide complete, responsive, and non-evasive production to Defendants within twenty-one (21) days. The failure to do so may subject Plaintiff to case dispositive sanctions.[9] *See infra.*

---

[9] In her response to Defendants' Motion to Compel, Plaintiff requests that the Court take judicial notice of two sets of documents: (1) correspondence related to a since-withdrawn settlement offer; and (2) the sworn declaration of one of her former co-workers. *See* Pl.'s Resp. 1–3; Pl.'s

**B. Payment of Expenses Under Rule 37(a)(5)(A)**

In their Motion to Compel, Defendants seek an award of attorneys' fees and costs. Where, as here, a motion to compel is granted in full, "the court must, after giving an opportunity to be heard, require the party . . . whose conduct  necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees," unless an exception applies. Fed. R. Civ. P. 37(a)(5)(A). The rule provides for three exceptions where an award of fees is not mandatory. *See id.* Those exceptions are where: "(i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action; (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or (iii) other circumstances make an award of expenses unjust." *Id.* The first two exceptions are inapplicable here: Defendants have detailed their efforts to obtain the discovery without Court action, *see* Defs.' Loc. R. 104.7 Certificate ¶¶ 2–6, and Plaintiff has provided no legitimate justification—let alone a substantial one—for her failure to provide discovery.  However, I find that the third exception applies.  The present case, in which Plaintiff is proceeding *pro se*, is an employment discrimination action.  *See* Compl. ¶¶ 1–6.  Since her termination, Plaintiff has been without "gainful employment" and operating on a "fixed income."  *See* Pl.'s Reply 2; Pl.'s Resp. 3.  Given these considerations, I find that it would be unjust to award costs and attorneys' fees to Defendants.  *See* Fed. R. Civ. P. 37(a)(5)(A)(iii).  If, however, Plaintiff fails to comply with the terms of this order, or fails to cooperate in future discovery, she may be subject to case dispositive, as well as monetary,

---

Resp. Ex. A, ECF No. 34-1; Pl.'s Resp. Ex. B, ECF No. 34-2.  Plaintiff states that this request is made "in connection" with the present motion to compel, as well as Defendants' pending Motion to Dismiss, ECF No. 15.  *See* Pl.'s Resp. 1.  Because the information contained in these materials is not essential to resolving any of the pending discovery motions, I do not consider it here. Accordingly, it is not necessary to address whether it would be appropriate, under Fed. R. Evid. 201, to take judicial notice of the documents Plaintiff provided.

sanctions.  *See* Fed. R. Civ. P. 37(b); *see Crump v. Savannah Highway Auto. Co.*, C/A No. 2:11-1567-DCN-BM, 2012 WL 2072762, at *2 (D.S.C. Mar. 12, 2012) ("[*P*]*ro se* litigants are not immune from any sanction by virtue of their status alone." (citing *Ballard*, 882 F.2d at 95–96)).

### C.  Court-Supervised Discovery

In many of her recent filings, Plaintiff requests that the Court oversee all future discovery in this case.  *See* Pl.'s Mot. for Protective Order 2; Pl.'s Reply 4.  While a sweeping request that the Court micromanage all discovery in this case is inappropriate, greater Court oversight, at least initially, may help avoid future disputes.  Accordingly, the following discovery procedure is hereby ENTERED: No discovery-related motion may be filed unless the moving party attempts in good faith, but without success, to resolve the dispute and then requests a pre-motion telephone conference with the Court to discuss the dispute and attempt to resolve it informally.[10] If the conference fails to resolve the dispute, then the Court will permit a motion to be filed. Unless otherwise permitted by the Court, discovery-related motions and responses thereto will be filed in letter format and may not exceed five, single-spaced pages, in twelve-point font.  Replies will not be filed unless requested by the Court following review of the motion and response. Further, because of the extent of the current disputes, an in-court discovery conference would be of assistance to get discovery off on better footing.  Accordingly, an in-court, on-the-record discovery conference with defense counsel and Plaintiff is hereby scheduled for Monday, August

---

[10] The parties are expected to work cooperatively and civilly during all aspects of discovery.  *See* Loc. R. App. A, Guideline 1.  "Cooperation and civility include, at a minimum, being open to, and reasonably available for, discussion of legitimate differences in order to achieve the just, speedy, and inexpensive resolution of the action and every proceeding."  *Id.*, Guideline 1.d.; *see Mancia*, 253 F.R.D. at 358 (stating that successful discovery requires "cooperation rather than contrariety, communication rather than confrontation").  The failure of a party or counsel to cooperate will be relevant in resolving any discovery disputes.  The failure to cooperate also will be relevant in determining whether the Court should impose sanctions in resolving motions.

13, 2012 at 4:00 PM.  The conference will be held in Courtroom 7B.  Until this conference has

taken place, Plaintiff will not be deposed.

### III.   DEFENDANTS' MOTION TO MODIFY THE SCHEDULING ORDER

In their unopposed Motion to Modify the Scheduling Order, Defendants request a sixty

day extension of discovery, in light of Plaintiff's failure "to produce any documents responsive

to Defendants' discovery requests," and the delay occasioned by the pending motions.  *See*

Defs.' Mot. to Modify ¶¶ 2–4 ("In light of the fact that Plaintiff has refused to appear for her

deposition and refused to produce documents without court intervention, Defendants will be

unable to conclude their discovery within the current discovery deadline.  An additional 60 days

. . . will allow Defendants time to complete discovery, including taking Plaintiff's deposition as

well as other depositions which may be necessary as a result of Plaintiff's testimony.").

Fed. R. Civ. P. 16(b)(4) provides that a scheduling order "may be modified only for good

cause and with the judge's consent."  The "primary consideration" in a Rule 16(b) "good cause"

analysis is "the movant's diligence."  *Mesmer v. Rezza*, No. DKC-10-1053, 2011 WL 5548990,

at *5 (D. Md. Nov. 14, 2011).  "Lack of diligence and carelessness are the 'hallmarks of failure

to meet the good cause standard.'"  *Id.* (quoting *W. Va. Dev. Fund v. Ocwen Tech. Xchange, Inc.*,

200 F.R.D. 564, 567 (S.D.W. Va. 2001)); *see Marcum v. Zimmer*, 163 F.R.D. 250, 254 (S.D.W.

Va. 1995) ("The focus of the inquiry is upon the moving party's reasons for seeking

modification.  If that party was not diligent, the inquiry should end." (citation and internal

quotation marks omitted)).  Faced with a request to modify the scheduling order, the Court also

"considers whether the non-moving party could be prejudiced by the delay, the length of the

delay, and whether the movant acted in good faith."  *Mesmer*, 2011 WL 5548990, at *5 (citing

*Tawwaab v. Va. Linen Serv., Inc.*, 729 F. Supp. 2d 757, 768–69 (D. Md. 2010)).  In the present

case, Defendants have been "fully diligent in their efforts to obtain responses to their discovery requests." *See id.*; *see also* Defs.' Loc. R. 104.7 Certificate ¶¶ 2–6.  Plaintiff, however, has not produced any responsive documents.  *See Mesmer*, 2011 WL 5548990, at *5 ("A party's failure to respond to discovery requests . . . constitutes good cause for modifying a scheduling order."). Moreover, "there is no hint of bad faith on the part of Defendants," and, having not filed a response to the motion to modify, Plaintiff "has indicated no prejudice that [she] would suffer" upon modification.  *See id.*   In light of the rulings made, the Court will extend the discovery period, but that will be done during the in-court discovery conference referenced above.

## IV.   CONCLUSION

For the reasons stated above, Plaintiff's Motion for a Protective Order/Objection to Defendants' Discovery Requests is DENIED; Defendants' Motion to Compel is GRANTED; and Defendants' Motion to Modify the Scheduling Order is GRANTED.  Plaintiff is DIRECTED to provide complete, responsive, and non-evasive production to Defendants within twenty-one (21) days.  An in-court, on-the-record discovery conference with defense counsel and Plaintiff is scheduled for Monday, August 13, 2012, at 4:00 PM in Courtroom 7B.

Dated: <u>July 19, 2012</u>                                   _____/S/_____
                                                                          Paul W. Grimm
                                                                          United States Magistrate Judge

hlw